

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00363-CR

**JASON DELANEY BLACKBURN,**

                                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                              **Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2008-406-C2**

## MEMORANDUM OPINION

Jason Delaney Blackburn pled guilty to possession with the intent to deliver methamphetamine in an amount greater than 4 grams but less than 200 grams. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (d) (Vernon 2010). He was sentenced to 12 years in prison. The trial court gave Blackburn permission to appeal its denial of Blackburn's motion to suppress. We affirm.

In his sole issue, Blackburn contends that the trial court erring in finding that the search of the interior of Blackburn's vehicle was justified under the theory of a necessary protective sweep, thus denying Blackburn's motion to suppress.

In reviewing a motion to suppress, we review de novo a trial court's application of law to the facts, but we defer to the trial court on determinations of credibility and historical fact. *Hubert v. State*, 312 S.W.3d 554, 2010 Tex. Crim. App. LEXIS 636, *8 (Tex. Crim. App. 2010). If, as in this case, a trial court does not enter findings of fact, we must view the evidence in a light most favorable to the trial court's rulings and assume that the trial court resolved any issues of historical fact or credibility consistently with its ultimate ruling. *Id*.

A protective sweep of the passenger compartment of an automobile is limited to those areas in which a weapon may be placed or hidden. *Michigan v. Long*, 463 U.S. 1032, 1049, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983). The officer must have a reasonable suspicion, based on specific and articulable facts, that his safety or the safety of others is in danger before he may conduct a limited search for weapons. *See id*; *Carmouche v. State*, 10 S.W.3d 323, 329 (Tex. Crim. App. 2000). A court looks to whether a reasonably prudent officer in the same circumstances would be warranted in believing that his safety or the safety of others is in danger. *Long*, 463 U.S. at 1050-51. Further, the subjective beliefs of the officer performing the search are not determinative. *See O'Hara v. State*, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000).

Officer Jeremiah Beavers testified at the hearing on Blackburn's motion to suppress that he stopped Blackburn for speeding at about midnight. While in the process of stopping Blackburn's vehicle, Beavers saw movement inside the vehicle that caused him concern. To Beavers, it looked like Blackburn reached under the seat as if he was putting something underneath the seat; and when he did, the vehicle swerved to

the side. Beavers thought Blackburn was trying to hide something like a gun underneath the seat.

When Beavers made contact with Blackburn, Blackburn appeared a little nervous. Beavers went back to his patrol car and requested a back-up unit because he was afraid that Blackburn might have a weapon in the vehicle, concealed underneath the seat. Beavers did not want to get Blackburn out of the vehicle and check if a weapon was in the vehicle without another officer present. Once the back-up arrived, Beavers approached Blackburn again and had him step out of his vehicle. Beavers asked if there were any weapons or drugs in the vehicle. Blackburn responded that he had a Gerber knife on the passenger seat. When Beavers looked in the vehicle, he found the mentioned knife. Beavers also looked under the seat for a weapon. He then checked in the center console for a weapon and found a gun holster and some drug paraphernalia. Beavers also found another knife that Blackburn had not mentioned.

Beavers then placed Blackburn in handcuffs to make sure that if Blackburn had a weapon on him or in his vehicle, he could not hurt anyone with it. For safety reasons, Beavers felt it was necessary to do a protective sweep of the vehicle within Blackburn's reach where Blackburn could have placed a weapon.

Blackburn argues on appeal that Beavers's testimony is not enough and that he acted inconsistently with being in fear for his safety. After reviewing the record, we find the trial court did not err in determining that the officer had a reasonable suspicion, based on specific and articulable facts, that his safety or the safety of others was in danger. Further, Beavers's actions are not determinative of whether a reasonably

prudent officer in the same circumstances would be warranted in believing that his safety or the safety of others is in danger. Accordingly, the trial court did not err in denying the motion to suppress.

Blackburn's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed September 1, 2010
Do not publish
[CR25]